The State of Ohio, Appellee, *v.* Crawford, Appellant.

(No. 10677—Decided January 13, 1969.)

*Mr. Melvin G. Rueger* and *Mr. Donald H. Rolf, Jr.,* for appellee.

*Mr. Robert H. Davis,* for appellant.

Long, P. J. Defendant, appellant herein, was tried and convicted of the crime of robbery by a jury in the Common Pleas Court of Hamilton County and was sentenced to the Ohio State Penitentiary. The testimony offered by the state was sufficient to prove defendant's guilt beyond a reasonable doubt.

The defendant took the stand in his own defense and was confronted with a recitation of a very lengthy and bad record of convictions of felonies of different kinds. Defendant frankly admitted all of these offenses, but the prosecutor, in his zeal to demolish any credibility remaining to the defendant, asked this question: "Have you ever been *tried* of attempted theft in 1964?" (Emphasis added.)

The bill of exceptions illustrates the character of the prosecutor's cross-examination and its conclusion with the

above quoted question. The question was objected to, was never ruled upon by the trial court, and the defendant was permitted to answer: "No, sir." No attempt was made by the prosecution to show that defendant was ever tried for an attempted theft in 1964. This was the end of defendant's cross-examination.

There is no law better settled in Ohio and in all the states than the principle announced in the case of *Wagner* v. *State,* 115 Ohio St. 136. In that case the defendant was charged with forgery; he was asked in cross-examination if he had not been *indicted* for other acts of forgery and obtaining money by false pretenses. As in the case at bar, he was not asked whether he had been convicted of these offenses.

In the case at bar, the state had no evidence of any conviction of an "attempted theft in 1964," or it would have produced the same and avoided the prejudicial error. The court in the *Wagner case* holds that under these circumstances questions of this character become incompetent for any purpose and, when counsel for the state knows that no conviction attended the trial inquired about, this line of cross-examination is wholly unfair and is highly prejudicial.

The judgment of the Court of Common Pleas is, therefore, reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and SHANNON, JJ., concur.