**State v. Smith**
*[Cite as 6 AOA 326]*

*Case No. 89AP-385*

*Franklin County, (10th)*
*Decided August 14, 1990*

*Michael Miller, Prosecuting Attorney, and Bonnie L. Maxton, for Appellee.*

*Andrea R. Yagoda, for Appellant.*

BOWMAN, J.

In the early morning hours of June 5, 1987, as Susan Cahill was locking up the bar where she worked, she was approached by a man with a knife. The man, who Cahill identified as appellant, Matthew Smith, forced her over to his car, knocked her face against the side of the car and pushed her into the car. Appellant then drove the car into an alley behind the bar where he ripped Cahill's blouse, took down her pants and had sexual intercourse with her. After appellant ejaculated on Cahill's stomach, he gave her some napkins with which to clean herself. Cahill used the napkins and put them on the floor. Appellant then poured a beer over Cahill's head, pushed her out of the car and drove away.

Appellant was arrested on June 10, 1987, and his car was searched with his consent. Although the car had recently been cleaned, five napkins were found under the front seat. After testing, one of the napkins was found to have semen on it. At trial, appellant testified that, on the evening of June 4, 1987, he was home with his wife and that he had stayed up with his apartment manager until 2:30 a.m. on June 5th. The apartment manager testified that, as a result of some problems in the apartment complex parking lot, he stayed up until 5:30 am. on June 5th and that he observed appellant's car in the parking lot the entire evening. Both appellant and his wife testified that shortly before appellant's arrest, they had enjoyed a romantic evening out which included engaging in sexual intercourse in the car. Appellant's wife testified that the napkins had been used to clean up afterwards.

The jury found appellant guilty of rape and kidnapping and he was sentenced to a term of imprisonment of not less than seven years nor more than twenty-five years on each count, with the sentences to run concurrently. Appellant now brings this appeal and asserts the following assignments of error:

"1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT THEREBY DENYING HIM DUE PROCESS AND A FAIR TRIAL IN ADMITTING IRRELEVANT, PREJUDICIAL, AND OTHER ACTS EVIDENCE.

"2. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AFFECTING SUBSTANTIAL RIGHTS OF APPELLANT IN FAILING TO INSTRUCT THE JURY THAT OTHER ACTS EVIDENCE IS NOT TO BE

CONSIDERED AS SUBSTANTIVE EVIDENCE OR PROOF OF THE CRIME CHARGED BUT RATHER FOR A LIMITED PURPOSE ONLY.

"3. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AFFECTING SUBSTANTIAL RIGHTS OF APPELLANT AS THE INSTRUCTION GIVEN ON ALIBI WAS VIOLATIVE OF APPELLANT'S RIGHT TO DUE PROCESS.

"4. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS.

"5. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SENTENCING APPELLANT ON BOTH RAPE AND KIDNAPPING IN VIOLATION OF R.C. 2941.25 AND THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

"6. APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S MISCONDUCT."

In his first assignment of error, appellant asserts that he was denied a fair trial because of the admission of irrelevant, prejudicial and other acts evidence. Appellant asserts that the improper admission of the other acts testimony began with the prosecution's opening statement and continued throughout the trial. Some of the other acts testimony which appellant asserts was improperly admitted is: that Cahill got threatening phone calls from appellant; that appellant purchased marijuana and cocaine; that appellant was dominating, "physical" and harassed Cahill; that appellant displayed nude photographs of Cahill on car windshields at Cahill's place of employment; that appellant previously raped Cahill; that appellant had stolen a car; that appellant stole license plates; that appellant embezzled money from his employer; and that appellant could not maintain steady employment. Appellant's counsel objected to the admission of some of this testimony, yet failed to object to all of it.

A trial court has broad discretion in the admission or exclusion of evidence, and its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to the defendant. *State v. Hymore* (1967), 9 Ohio St. 2d 122, certiorari denied, *Hymore v. Ohio* (1968), 390 U.S. 1024. However, in order for evidence of other bad acts to be admissible, there must be substantial evidence that the accused committed the other bad act. *State v. Carter* (1971), 26 Ohio St. 2d 79. Evidence of previous or subsequent acts of a defendant which are unrelated to the charge for which the defendant is being tried are generally inadmissible. *State v. Thompson* (1981), 66 Ohio St. 2d 496. The exceptions to the admissions of other acts testimony are outlined in Evid R. 404(B), which provides:

"*** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The exceptions listed in Evid. R. 404(B) are to be strictly construed against the state and to be conservatively applied by the trial court. *State v. DeMarco* (1987), 31 Ohio St. 3d 191.

In *State v. Moore* (1948), 149 Ohio St. 226, the court held that like acts or other acts which may be shown against an accused in a criminal case are acts of character so related to the offense for which the accused is on trial that they have a logical connection therewith and may reasonably disclose a motive or purpose for the commission of the offense. However, evidence which tends to show that an accused has committed another crime, wrong, or act, wholly independent of the offense for which he is on trial, is generally inadmissible. *State v. Mann* (1985), 19 Ohio St. 3d 34. See, also, *State v. Curry* (1975), 43 Ohio St. 2d 66.

In *State v. Matthews* (1984), 14 Ohio App. 3d 440, the court stated that for other acts testimony to be relevant, the testimony must tend to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence. See, also, Evid. R. 401. Even if the evidence is relevant, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusion of the issues. See, also, Evid. R. 403(A).

This court finds that the trial court erred in admitting other acts testimony in this case. Much of the other acts testimony concerned events or occurrences which happened to Cahill which were never connected to appellant. These

included harassing telephone calls by an unknown caller, destruction of property by an unknown perpetrator and a car theft with the thief unknown. In addition, much of the testimony about appellant's alleged other acts was elicited during the state's case in chief and at a time when any permissible use of the testimony had not yet been made a genuine issue. This prejudiced appellant because he had yet to decide whether or not to waive his constitutional right and elect to testify. This decision is logically and clearly impacted by the other acts testimony presented during the state's case in chief. See, *e.g., State v. Corl* (Nov. 13, 1987), Delaware App. No. 87-CA-6, unreported.

In addition, the other acts testimony was not admissible because it did not show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. See Evid. R. 404(B). The acts also were not so logically related to the charges at hand that they reasonably disclosed a motive or purpose in committing the offense for which appellant is charged. If anything, the other acts evidence tended to show that appellant had previously done criminal wrongs and thus, it was more likely that he had committed the act with which he was charged. Accordingly, appellant's first assignment of error is sustained.

In his second assignment of error, appellant asserts that the trial court committed prejudicial error by failing to instruct the jury that other acts evidence is not to be considered as substantive evidence or proof of the crime charged but, rather, for a limited purpose only.

The admission of other acts testimony was compounded by the trial court's failure to instruct the jury as to the limited purpose for which the other acts evidence could be considered. While it is true that appellant's counsel did not ask for a jury instruction on the use of the other acts testimony, the trial court is bound, nonetheless, to give a jury charge that conforms to the law and the evidence. *State v. Loudermill* (1965), 2 Ohio St. 2d 79. See, also, R.C. 2945.11. In *State v. Crafton* (1968), 15 Ohio App. 2d 160, the court held that where evidence of similar acts or offenses is admitted, it is reversible error for the trial court to fail to instruct the jury as to the limited purpose for which such evidence is admitted, even though no request for such instruction is made.

This court finds that the trial court's failure to instruct the jury on the other acts evidence prejudiced appellant and denied him a fair trial.

Accordingly, appellant's second assignment of error is sustained.

In his third assignment of error, appellant asserts that the trial court committed prejudicial error in instructing the jury on alibi. The court instructed the jury:

"*** THE DEFENDANT CLAIMS THAT HE WAS AT SOME OTHER PLACE AT THE TIME THE OFFENSE OCCURRED. THIS IS KNOWN AS AN ALIBI. THE WORD, ALIBI, MEANS SOMEWHERE OR A DIFFERENT PLACE.

"IF THE EVIDENCE FAILS TO ESTABLISH THAT THE DEFENDANT WAS ELSEWHERE, SUCH FAILURE DOES NOT CREATE AN INFERENCE THAT THE DEFENDANT WAS PRESENT AT THE TIME WHEN AND AT THE PLACE WHERE AN OFFENSE MAY HAVE BEEN COMMITTED.

"IF AFTER A CONSIDERATION OF THE EVIDENCE OF ALIBI, ALONG WITH ALL THE OTHER EVIDENCE YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS PRESENT AT THE TIME IN QUESTION, YOU MUST RETURN A VERDICT OF NOT GUILTY." (Tr. 327-328.)

We note at the outset that appellant's counsel did not object to this instruction, nor did he submit a proposed jury instruction for the court's consideration. See Crim. R. 30. As a result, the allegation of error must rise to the level of plain error for this court to sustain the assignment of error. See Crim. R. 52(B). A court should take notice of plain error only in exceptional circumstances when it is necessary to avoid a miscarriage of justice. *State v. Long* (1978), 53 Ohio St. 2d 91. Crim. R. 52(B) is violated only when, but for the error, the outcome of the trial clearly would have been different. *Long, supra.* The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt determining process. *State v. Swanson* (1984), 16 Ohio App. 3d 375.

Appellant asserts that this case is similar to *State v. Mitchell* (May 2, 1989), Franklin App. No. 88AP-695, unreported (1989 Opinions 1472), where the trial court gave a jury instruction on alibi much the same as the one given in this case. In *Mitchell,* this court stated that the trial court improperly referred to alibi as a "defense," which

it is not, and referred to alibi as a "claim" of defendant, which can be misleading in the context it was used. However, the court ultimately held that the deficiency in the trial court's charge was not so substantial as to confuse the jury or create the likelihood of prejudice.

Although this court agrees with the court in *Mitchell* that it is best not, to refer to alibi in terms of it being a "claim" by a defendant, this court finds that the jury charge as given in this case does not constitute plain error. Unlike the jury charge given in *Mitchell*, the trial court in this case did not state that alibi was a defense, nor did it add undue emphasis regarding the burden of proof. Consequently, this court finds no probable or apparent prejudice resulting from the alibi charge as given, and appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant asserts that he was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments. Specifically, appellant asserts his counsel failed to object to immaterial and irrelevant testimony, hearsay testimony, and improper cross-examination of appellant; he illicited damaging testimony from appellant; he failed to request a correct jury instruction on alibi and other acts testimony; he failed to object to the jury instructions as given; and he failed to make an opening statement.

Appellant has the burden of proving ineffective assistance of counsel. *State v. Smith* (1981), 3 Ohio App. 3d 115. In *State v. Smith* (1985), 17 Ohio St. 3d 98, the court adopted the two-prong analysis espoused in *Strickland v. Washington* (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. See, also, *State v. Brooks* (1986), 25 Ohio St. 3d 144, certiorari denied, *Brooks v. Ohio* (1987), 479 U.S. 1101. In *Strickland,* the court held:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See, also, *State v. Hester* (1976), 45 Ohio St. 2d 71.

To demonstrate ineffective assistance of counsel, appellant must show that the representation by his counsel fell below an objective standard of reasonableness and, as a result, there is a reasonable probability that, but for such unprofessional errors, the result of the case would have been different. *State v. Lytle* (1976), 48 Ohio St. 2d 391, vacated in part on other grounds, *Lytle v. Ohio* (1978), 438 U.S. 910.

Although this court may question some of the conduct of appellant's counsel, none of the things appellant asserts as ineffective in and of themselves demonstrates ineffectiveness and, most certainly, do not demonstrate that the result would have been different had counsel done all the things of which appellant now complains. Accordingly, under the *Strickland* test, appellant has failed to establish his claim of ineffective assistance of counsel, and his fourth assignment of error is overruled.

In his fifth assignment of error, appellant asserts that the trial court committed prejudicial error in sentencing appellant on both rape and kidnapping in violation of R.C. 2941.25 and the Double Jeopardy Clause of the United States and Ohio Constitutions.

Appellant was convicted of kidnapping with the purpose to engage in sexual activity and of rape. Appellant asserts that the trial court erred in sentencing him to not less than seven years nor more than twenty-five years on each count to run concurrently since both convictions involved the same conduct and animus and thus, they are allied offenses of similar import.

R.C. 2941.25(A) provides that where the same conduct results in the commission of one or more allied offenses of similar import, a defendant may be charged and tried for both offenses, but convicted of only one. R.C. 2941.25(B) provides that where there is a separate animus for the two offenses, there may be separate convictions. In *State v. Logan* (1979), 60 Ohio St. 2d 126, the court held at the syllabus:

"In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as

to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

In *State v. Donald* (1979), 57 Ohio St. 2d 73, the court held that kidnapping, as defined by R.C. 2905.01(A) (4), is an allied offense of similar import to rape, as defined by R.C. 2907.02(A)(1), for purposes of the application of R.C. 2941.25(A). In essence, *Donald* established that there must be a recognized similarity between the elements in the crimes committed in order for the two crimes to be allied offenses of similar import. In addition, for appellant to obtain the benefit of R.C. 2941.25(A), it must be shown that the prosecution relied on the same conduct to support both offenses charged.

This court finds that the trial court erred in sentencing appellant on both kidnapping and rape. The evidence reveals that the kidnapping and rape arose out of the same conduct, were committed simultaneously and were committed with the same animus. Thus, the rape and kidnapping were allied offenses of similar import for which, pursuant to R.C. 2941.25(A), appellant may only be convicted of one. Appellant's fifth assignment of error is sustained.

In his sixth assignment of error, appellant asserts that he was denied a fair trial and denied due process of law as a result of the prosecutor's misconduct in soliciting inadmissible, prejudicial, irrelevant and immaterial evidence.

The conduct of a prosecuting attorney during trial cannot be made a ground or error unless the conduct deprives appellant of a fair trial. *State v. Apanovitch* (1987), 33 Ohio St. 3d 19. In *State v. Smith* (1984), 14 Ohio St. 3d 13, the court stated that the test regarding prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the substantive rights of the defendant. See, also, *United States v. Dorr* (C.A.5, 1981), 636 F. 2d 117.

During the course of the trial, the prosecutor inquired into an alleged prior rape of the victim by appellant; an alleged theft of an automobile by appellant; and alleged theft of license plates by appellant; an alleged theft or embezzlement by appellant of his employer; and appellant's driving without a driver's license. Appellant's counsel objected to the questions concerning the prior alleged rape, the alleged automobile theft, the alleged theft of license plates and driving without a license; however, he did not object to the questions concerning appellant embezzling from his employer. In addition, the prosecution never inquired whether or not appellant was ever indicted or convicted for any of these alleged offenses.

In *Wagner v. State* (1926), 115 Ohio St. 136, the prosecutor asked the defendant whether he had been indicted for forgery and obtaining money by false pretenses, and the defendant admitted that he had been. The prosecutor never inquired whether or not the defendant had ever been convicted on these indictments. The court stated that it was evident that the state did not have any information regarding any convictions for these offenses. Consequently, the court held that the questions were incompetent for any purpose, wholly unfair and highly prejudicial to the defendant. See, also, *State v. Crawford* (1969), 17 Ohio App. 2d 141.

This court finds that the questions, asked by the prosecutor in this case, prejudiced appellant and denied him a fair trial. Appellant was neither indicted for, nor convicted of, any of these alleged offenses, and it was improper for the prosecutor to question appellant or any other witness about these alleged acts. Evidence which tends to show that an accused committed another crime for which there has been no adjudication of guilt is inadmissible. *State v. Burson* (1974), 38 Ohio St. 2d 157. Accordingly, appellant's sixth assignment of error is sustained.

For the foregoing reasons, appellant's first, second, fifth and sixth assignments of error are sustained and his third and fourth assignments of error are overruled. The judgment of the trial court is reversed and this case is remanded for further proceedings according to law.

*Judgment reversed and*
*case remanded.*

STRAUSBAUGH, J., concurs.

BRYANT, J., concurring in part, dissenting in part.

Being unable to agree with the majority's disposition of the fifth assignment of error, I respectfully dissent from that portion of the opinion.

As the majority notes, *State v. Logan* (1979), 60 Ohio St. 2d 126, sets forth the rationale for

analyzing R.C. 2941.25 in rape and kidnapping cases:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

The Supreme Court subsequently applied that test in *State v. Rogers* (1985), 17 Ohio St. 3d 174, wherein defendant moved his victim "up an outside stairway into his apartment and then to his bedroom." Noting defendant's actions therein involved both secretive and substantial movement of the victim, the Supreme Court determined that the kidnapping was not merely incidental to the rape. In explaining, the court stated:

"*** Such a case would be found where the only restraint involved was the holding of the victim in place while a defendant raped her ***" *Id.* at 182. The case herein involves movement as secretive and substantial as that in *Rogers*, including asportation by car. Cf. *State v. Thomas* (Aug. 5, 1986), Franklin App. No. 85AP-414, unreported (1986 Opinions 2010). Moreover, defendant's use of physical force in slamming the victim's head against the car increased the risk of harm to her. Cf. *State v. Scott* (Sept. 29, 1988), Franklin App. No. 88AP-346, unreported (1988 Opinions 3648).

Accordingly, under *Logan,* I would overrule defendant's fifth assignment of error.