THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT.

(No. 8620—Decided October 19, 1959.)

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Harry C. Schoettmer*, for appellee.

*Mr. Robert J. Harris*, for appellant.

Matthews, P. J. The indictment of the defendant contained three counts—one charged the stealing of an automobile, one the unlawful operating of an automobile without the owner's consent, and the last for concealing a stolen automobile. At the trial, the court dismissed the defendant from the third charge, and submitted the other two to the jury. The jury found him guilty of unlawfully operating an automobile without the owner's consent, as charged, and not guilty of stealing. The defendant's motion for a new trial was overruled and he was sentenced to the penitentiary.

The case is now before this court upon appeal duly filed within the time prescribed by statute.

At the trial there was no dispute as to the ownership of the automobile and that it was operated from Cincinnati and finally on Route 131 in Clermont County near the village of Newtonsville when it left the roadway and overturned in the ditch alongside. Only one witness identified the defendant as the operator of the automobile. This witness resided near the scene, saw the lights of the automobile zigzaging as it approached, heard the noise of the collision and then went to the scene where he saw the defendant sitting behind the wheel of the automobile, and talked to him. His identification was positive; and there is no reason for not according to his testimony full credibility. The defendant was arrested near the scene a short time thereafter.

The defendant took the witness stand in his own behalf. He denied that he had operated the automobile at any time and accounted for his presence near the scene by stating that he was walking toward his home in Hillsboro, hoping that someone would be passing and would answer his signal for a ride. He testified that he had spent most of the day in Cincinnati, and met many people but could not remember any of their names, and no one was called to corroborate his testimony. He admitted that he had spent most of the day in cafes or saloons where he drank intoxicants, but denied that he was drunk. The testimony of the state's witnesses contradicted him in this respect. At least, they disagreed as to the degree of intoxication.

On cross-examination he was asked whether he had ever been arrested and convicted of a state or federal offense, and he answered that he had. Over the defendant's objection this was

followed by questions that tended to develop the exact nature of the crimes of which he had been convicted. For instance, the state's attorney asked him whether he had not been convicted of transporting an automobile and sentenced to the penitentiary in Atlanta, Georgia, for three years. He denied this, and when asked to describe the offense, he answered: "Possession, Dire Act." When asked whether he had not been convicted of automobile stealing in Hillsboro he denied it, and when asked other questions, he said it was in Wilmington. He was asked whether he had not been convicted of forgery, which he denied, and then explained it was "insufficient funds" of which he had been convicted.

It will be observed that this entire cross-examination was confined to the nature of the crimes, and did not relate in any way to the circumstances of their commission.

The position of defendant's counsel is that when the defendant admitted that he had been convicted of state and federal crimes, no further inquiry could be made on the subject. We do not think that is the law.

It should be noted here that there was no attempt by the state to develop any of the circumstances connected with the commission of any of these crimes. The cross-examination was limited to an attempt to get from the witness the specific names of the offenses of which he had been convicted. In other words, all that was sought to develop was no more than the indictments would have shown, had they been introduced in evidence. No one questions the competency of certified copies of the indictments.

In 98 Corpus Juris Secundum, 411, Section 507, it is said in bold type that: "While the impeaching evidence is restricted to the fact of conviction, and cannot show details and incidents of the crime it may show the name and nature of the crime, and the number of the convictions." That seems to express the rule in states other than Ohio in the absence of any statute on the subject.

It is conceded by defendant's counsel that there is no Ohio decision supporting his position, but he relies on the unreported rulings of trial courts limiting cross-examination to the stereotyped question of whether the accused had ever been convicted

of a state or federal offense when the accused's answer was an admission that he had been so convicted. However, counsel has referred to two sections of the Revised Code (2945.42 and 2945.59), but neither section relates to the extent of cross-examination. The former relates to the competency of witnesses and the latter to the relevancy of certain evidence to prove motive. Neither has anything to do with evidence, the sole purpose of which is to detract from the credibility of a witness.

Harper v. State, 106 Ohio St., 481, 140 N. E., 364, decides that where a defendant in a criminal case denies on cross-examination that he had ever been convicted of either a state or federal offense, a certified record of his conviction is competent in rebuttal. The court, however, held that conviction of violating an ordinance was not the proper subject of cross-examination. The defendant was cross-examined about the specific nature of the crime of which he was found guilty, and the court did not see fit to find fault with it. To that extent, the case supports the rulings of the trial court in this instance. The same, with greater emphasis, can be said of the case of Kornreich v. Industrial Fire Ins. Co., 132 Ohio St., 78, 5 N. E. (2d), 153.

There are other Ohio cases dealing with this subject but we have found none that decides that cross-examination as to prior convictions must be channeled into a specific formula, calling for a categorical answer of yes or no. The Ohio rule is the same as that prevailing in other states where there is no statutory provision on the subject, and even where questioning is authorized by statute without any provision as to the manner and extent of cross-examination.

In 58 American Jurisprudence, 405, Section 715, it is said: "A statute permitting interrogation of a witness as to his previous conviction does not require the question to be put in any particular or stereotyped form. Nevertheless, it has been observed that the question should be propounded in accordance with the statute, that is to say, counsel should ask of the witness whether he was ever convicted in any court of a criminal offense (or, in some states, of a felony), and not whether he was in the penitentiary for stealing cattle, or the like. In addition to showing the fact of conviction, it is proper to show the crime

of which the witness has been convicted, but the details of the former crime or matters not of record may not be shown."

The eighth paragraph of the headnotes to *People* v. *Sorge*, 301 N. Y., 198, as reported in 93 N. E. (2d), 637, at 638, is as follows: "In criminal prosecution, manner and extent of cross-examination lies largely within discretion of trial judge."

We do not find that the trial judge abused his discretion.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

LONG and O'CONNELL, JJ., concur.