The State of Ohio, Appellee, *v.* Tharp, Appellant.

(No. 9-75-12—Decided February 26, 1976.)

*Messrs. Tudor, Cloud & Cesner* and *Messrs. Abraham & Purkey,* for defendant-appellant.

*Mr. B. Edward Roberts,* prosecuting attorney, for appellee.

Cole, P. J. This is an appeal from a conviction and sentence for the crime of aggravated murder. Evidence for the prosecution indicated that the defendant (the appellant), who had been maintaining an illicit affair with the wife of the deceased victim, late at night enticed the victim to a country road and there shot him. He was accompanied during a portion of the time by another person named Hobson who testified to hearing shots and seeing the defendant coming from behind the victim's car. Hobson later came into possession of the murder weapon and took it to the police. The wife of the victim testified that

on the night of the incident she heard the defendant come to the door of their trailer and tell her husband he needed help with his car. To contradict the prosecution's case, the defendant offered witnesses who testified he was elsewhere at approximately the time of the alleged shooting and then took the stand himself to deny the crime and to establish his presence elsewhere at the crucial times. He was thereupon cross-examined by the prosecutor, and during this questioning the event occurred which is the subject of the sole assignment of error. We quote from the trial transcript as follows:

"Q. Have you ever had occasion to be with Mark Hobson or any other person—Let me rephrase the question. Have you ever been with any other person and committed any theft offense prior to this?

"Mr. Purkey: Objection.

"Mr. Roberts: Goes to his credibility, judge.

"Mr. Cesner: No, it doesn't.

"The Court: Wait a minute, would you read the question to me, please?

"(Question read.)

"(Thereupon, a discussion was held at the bench between Court and counsel.)

"Mr. Purkey: (Out of the hearing of the jury,) Note our objection to it.

"Mr. Cesner: (Out of the hearing of the jury,)

"At this time for the record the Defendant will move for a mistrial based upon the statement of that question and will further object and continue our motion for mistrial as this subject is pursued without making further objection. We would like our motion for a mistrial to continue.

"The Court: Ladies and gentlemen, I am going to permit the answer to that question for one purpose only, solely to enable you to decide on the credibility of the witness. You cannot consider it for any other purpose. The Defendant is not on trial for any other crime, and you can consider the answer, if there is an answer, only for the credibility of the witness.

"Q. (By Mr. Roberts). Do you understand the question?

"A. Would you repeat it?

"Mr. Roberts: Would you read it back to him.

"(Question read.)

"A. What do you mean by that?

"Q. Did you go to the Wooster area several months before this incident and rip-off some equipment in that area?

"A. Yes, sir.

"The Court: Again let me caution you ladies and gentlemen, this is only to determine the credibility, the truthfulness of the witness. That is the only reason you will consider this testimony."

Subsequently, the court in his charge made the following further statement to the jury:

"Now, evidence was received in this case from the defendant that he told someone that he did other acts in another county that may or may not have been a crime. I think the term rip-off was used. I caution you, I cautioned you then that the evidence was received for a limited purpose, and I caution you again that evidence of such other acts must not be considered by you as any proof whatsoever that the Defendant did any act alleged in the indictment in this case."

The defendant now appeals asserting a single assignment of error:

"The trial court erred in permitting the prosecutor to question the defendant-appellant concerning prior unrelated theft offenses; in requiring the defendant-appellant to answer, which answer was an admission of such offense; and thereupon instructing the jury that the question and answer could be considered by the jury in determining the credibility and truthfulness of the defendant. Permitting such question and answer was contrary to Ohio Revised Code, Section 2945.59; was incompetent for any purpose, and was highly prejudicial to the rights of the accused."

In considering this assignment of error, we are concerned with the basic general issue of the use of evidence

of past criminal conduct (unrelated to the crime charged) in a criminal trial where the defendant takes the stand in his own defense as a witness. It has long been held in this state and by this court that evidence of other criminal conduct on the part of the accused is inadmissible as a part of the prosecution's case, unless that conduct can be brought within the terms of R. C. 2945.59, pertaining to motive, intent, absence of mistake or accident or to a scheme, plan or system of doing an act. *State* v. *Curry* (1975), 43 Ohio St. 2d 66. In *Curry,* there is a full discussion of this specific statutory provision and, it will be noted, there is no discussion of the situation which is presented in the instant case. There the evidence of concern was introduced by the prosecution and did not consist of testimony elicited on cross-examination after the defendant has taken the stand. There is no contention made here by the prosecution that the statutory language is applicable to the present case. The evidence was not admitted as part of the prosecution's case and the statute is quite inapplicable.

A second general principle of law developed over the years is involved here. In 56 Ohio Jurisprudence 2d 775, Witnesses, Section 339, the following is stated:

"While it was formerly said that a witness could not be asked questions on cross-examination which tend to criminate him, it is now held that for the purpose of testing his credibility, a witness may not only be asked whether he has committed a crime in the past, but also whether or not he confessed that he did it. * * *"

Section 340 states: "A witness can be cross-examined as to a previous conviction of a crime. Thus, he can be asked whether he has been convicted of a felony, as this bears upon his character and tends to reduce his reliability as a witness. * * *"

The Supreme Court has held in *Kornreich* v. *Industrial Ins. Co.* (1936), 132 Ohio St. 78 that: "A confession is tantamount to a conviction, when voluntarily made." (Paragraph 4 of the syllabus.)

Here we have, then, a witness whose credibilty is being questioned by showing, by virtue of a confession or

admission from the witness stand, that he has committed a theft. Under the general rules above cited, if the defendant were simply a witness, then no question would exist. His credibility could be attacked by showing that his prior criminal conduct weakened belief in his testimony.

However, the crucial problem here is that the witness is the defendant and not just any witness. May such past criminal conduct be the subject of an inquiry on cross-examination where the accused has waived his right to remain silent, taken the stand and testified on direct examination in his own behalf?

To even further narrow this question, we note that in cases where the defendant has been so questioned, the factual situations differ materially as to the content of the question and the content of the answer.

The following examples are presented to illustrate this proposition.

1. The accused, having testified, is asked as to his prior *convictions* under state or federal law. There is no question but that such questions are proper as a test of the defendant's credibility. *Harper* v. *State* (1922), 106 Ohio St. 481; R. C. 2945.42; *State* v. *Thrash* (1952), 93 Ohio App. 458.

2. The accused, having testified, is asked as to prior arrests, indictments or accusations. These are clearly improper since arrests, accusations and indictments are not appropriate evidence of the actual commission of a crime which could affect credibility. *Wagner* v. *State* (1926), 115 Ohio St. 136; *State* v. *Crawford* (1969), 17 Ohio App. 2d 141.

3. The accused, having testified, is asked whether he committed a prior criminal act, and denies that he did it; the state offers no impeaching testimony. Here, obviously, the question is improper since there is nothing to, in fact, establish the commission of a prior offense. Credibility is thus left unchallenged and the question and answer without more is not to be considered by the jury on the issue of credibility or any other issue. *State* v. *Witsel* (1944), 144 Ohio St. 190.

4. The accused, having testified, is asked whether he committed a prior criminal act and admits doing so, on the stand. Here, we have the situation which is presented in this case.

A confession is the equivalent of a conviction as we have seen; hence, the act being admitted, there is no substantial difference from the situation in (1), where a question as to prior conviction has been deemed proper to bear upon the issue of credibility. The situation is quite different than that in (3), where there is a denial which leaves nothing to bear upon that issue.

This type of problem was considered by the Court of Appeals for Summit County in *Maranda* v. *State* (1923), 17 Ohio App. 479, where the court said, at page 489:

"Where the defendant on trial is a witness in his own behalf, and the collateral matter inquired about on cross-examination is a previous crime committed by him which is likely to be considered by the jury as evidence tending to prove him guilty of the offense charged, where in fact the only purpose for which it may rightly be considered is as to the credibility of the witness, it is generally recognized that such evidence, even if it only creates a suspicion of guilt of a previous crime, is liable to be considered as proof of guilt of the crime for which defendant is being tried, and it would clearly be the duty of the trial judge, if requested to do so, to then and there instruct the jurors as to the purpose for which the evidence may be considered, and if such examination results in admissions of former crimes which are collateral to the issues it would be the duty of the trial judge, even if not requested to do so, to caution the jurors at the time such evidence is introduced not to consider the same as evidence of guilt of the crime for which defendant is being tried."

See, also, *Hanoff* v. *State* (1881), 37 Ohio St. 178.

Again, in the recent case of *State* v. *Patterson* (1974), 43 Ohio App. 2d 63, there was a denial by the defendant on cross-examination of a prior criminal act, but his answer was impeached on rebuttal by affirmative evidence. The court affirmed the judgment. The rule followed was that

set forth in *State* v. *McElroy* (1970), 22 Ohio App. 2d 103, at 111.

"It has been well settled for a long time that, when the accused in a criminal trial elects to take the witness stand and gives evidence by this testimony in his own defense, he makes himself subject to cross-examination, and his credibility is in issue the same as any other witness. The limitations on such cross-examination rest within the sound discretion of the trial court, viewed in relation to the peculiar facts in each case, and such exercise of discretion will not be disturbed in the absence of a clear showing of an abuse of discretion. The authorities are collected in 15 Ohio Jurisprudence 2d 536 *et seq.*; 3 Ohio Jurisprudence 2d 749. See, also, *State* v. *Hill* (1959), 111 Ohio App. 257; *Harper* v. *State* (1922), 106 Ohio St. 481"

We think the above is the proper rule to be applied here. The credibility of the defendant is obviously a vital element in the case. The commission of a theft offense is one involving moral turpitude and is, therefore, a matter bearing directly upon credibility. Nevertheless, the evidence might lead to possible misinterpretation and an improper application by the jury. The question is one which in each instance must be determined on the specific factual situation, hence, it is a matter peculiarly within the sound discretion of the trial court and its determination is not to be disturbed except by a clear showing of an abuse of that discretion.

Before turning to this question, one further question remains and that is defendant's contention that such questions are improper unless the defendant affirmatively places his character in evidence. Generally, the good character of the defendant is presumed and unless he puts his character in issue by introducing evidence of good character, the prosecution may not introduce evidence of bad character. 15A Ohio Jurisprudence 2d 263, Criminal Practice and Procedure, Section 234. However, the evidence of character involved is such as would bear directly on the question of guilt or innocence. Here the problem involves a quite different matter—i. e., the credibility of the defend-

ant as a witness, and the admission by the defendant of the commission of another crime is directed, under the court's instruction, solely to this issue.

We moreover have no question as to good faith in the asking of the question. Good faith problems arise where such a question is asked with a denial by the defendant and there is no intent or ability of the prosecution to introduce impeaching testimony, such as was introduced in *State* v. *Patterson, supra.* Here, the defendant admitted the offense and the issue of impeaching testimony is not reached. The case cited by the defendant of *Brice* v. *Samuels* (1938), 59 Ohio App. 9, is factually distinguished on this ground, as no admission was made upon the stand and no impeaching evidence introduced.

Thus, the basic rule to be here applied appears to be that, where a defendant takes the stand, he places his credibility in issue and the limitations upon cross-examination to test his credibility rest in the sound discretion of the trial court in the light of the particular facts involved, and the exercise of this discretion will not be disturbed in the absence of a clear showing that such discretion was abused. See, also, *State* v. *Kennedy* (1943), 72 Ohio App. 462, where the general principle is recognized but where an abuse of discretion upon the particular facts involved was determined to have occurred. It will be noted that there the defendant either denied the acts suggested, or asserted that his acts were in self-defense and hence not criminal in nature.

The ultimate question, therefore, narrows down here to an inquiry into the exercise of discretion by the trial court. On examination of the pertinent section of the record (set forth above), it appears that the trial court, prior to permitting an answer to the question of the prosecutor, properly indicated the answer would be considered solely and only on the question of credibility of the defendant as a witness. The ultimate answer of the defendant was an admission by him that he had gone to the Wooster area several months before and "ripped off" some equipment. The term "rip-off" commonly is used colloquially to mean

stealing and had, in this case, been so defined by the prosecution witness Hobson. He replied to the state's inquiry as follows:

"And what do you mean by ripping off the Army?"

"Stealing the guns and stuff in there."

We therefore have an apparent admission by the defendant of a criminal act. This is, as we have seen, the equivalent to all intents and purposes of evidence of a conviction of a criminal act which has always been considered a proper subject of inquiry, and bears upon the question of the credibility of a witness

The court in his charge also was careful to again caution the jury and stated explicitly that the evidence, if the term "rip-off" be interpreted to indicate the admission of a criminal act, could not be considered as proof of guilt of the crime charged in the indictment.

We conclude that the action of the trial court was not an abuse of discretion and that the court committed no error in the particulars charged. The assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLER and GUERNSEY, JJ., concur.