[Cite as *State v. Wilcox*, 2011-Ohio-5388.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96079**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISSAC WILCOX

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540046

**BEFORE:** Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Norman Schroth
Alison Foy
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Issac Wilcox ("Wilcox"), appeals his kidnapping, domestic violence, aggravated menacing, and having a weapon under disability convictions. Finding no merit to his appeal, we affirm.

{¶ 2} In August 2010, Wilcox was charged in a nine-count indictment with one count of felonious assault, two counts of kidnapping, one count of domestic violence,

four counts of aggravated menacing, and one count of having a weapon under disability. The felonious assault and kidnapping charges carried one- and three-year firearm specifications.

{¶ 3}  Prior to the start of a jury trial, the State nolled the felonious assault charge and one of the kidnapping charges.   The case proceeded to trial, and Wilcox was found guilty of all seven remaining charges, as well as a three-year firearm specification for the single count of kidnapping.   The trial court sentenced Wilcox to a total of nine years in prison.

{¶ 4}  Wilcox now appeals, raising two assignments of error.

{¶ 5}  In his first assignment of error, Wilcox argues that he was denied his constitutional right to a fair trial because the jury was repeatedly exposed to prejudicial evidence.

{¶ 6}  As a basic principle, all relevant evidence is admissible, unless the probative value of that evidence is substantially outweighed by its prejudicial effect. Evid.R. 403.   "Relevant" evidence is defined as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than it would be without the evidence.   See Evid.R. 401. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.   *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343.   "[A] trial court's decision to admit or exclude evidence 'will not be reversed unless there has been a clear and prejudicial abuse of

discretion.'" *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, quoting *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 163, 407 N.E.2d 490. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶ 7}** We first note that Wilcox's counsel failed to object to all but one of the comments that he now argues was prejudicial. Having failed to object to the testimony during the trial, Wilcox has waived all but plain error. Plain error is an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the trial would have been different without the error. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.

**{¶ 8}** In regard to the sole comment to which Wilcox's counsel objected, it was on cross-examination by Wilcox's counsel that the alleged victim, Bee Wherry ("Wherry"), stated:

> "It's not a rug burn, and that's what you have today is what was presented today. That's what you have today, but it is not a rug burn. It's not the first time he has beat me either."

**{¶ 9}** Defense counsel objected to this comment, and the trial court sustained the objection, instructing the jury to disregard Wherry's last comment. A jury is presumed to follow instructions, including curative instructions, given by a trial judge. *State v.*

*Elko*, Cuyahoga App. No. 83641, 2004-Ohio-5209; *State v. Hardwick*, Cuyahoga App. No. 79701, 2002-Ohio-496. Wilcox has failed to provide any proof that the jury ignored the trial court's instructions, and therefore, we find no error.

{¶ 10} In addition, Wilcox argues that other references to past abuse made by Wherry and other witnesses at trial prejudiced the jury. Evid.R. 404(B) states:

{¶ 11} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 12} However, Wilcox concedes in his brief that many of the comments were vague and did not specify any acts. Moreover, even without these comments regarding past abuse of which Wilcox now complains, the State provided substantial evidence of Wilcox's guilt on the offenses charged. See *State v. Hilton*, Cuyahoga App. No. 89220, 2008-Ohio-3010. Thus, we find these comments do not constitute plain error because the outcome of the trial would not have been different without them.

{¶ 13} Accordingly, Wilcox's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Wilcox argues that the State failed to present sufficient evidence to sustain his convictions on the firearm specification and the weapon-under-disability charge.

{¶ 15} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 16} Wilcox was convicted of having a weapon under disability, as well as a three-year firearm specification. R.C. 2923.13 provides that no person shall knowingly have, carry, or use any firearm if that person has been convicted of any felony. Wilcox stipulated to prior felony convictions before trial commenced.

{¶ 17} R.C. 2941.145 states that a three-year mandatory prison term shall be imposed if the "offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2923.11 defines a firearm as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of any explosive or combustible

propellant." This definition includes an "unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1).

{¶ 18} Wilcox claims that there is insufficient evidence that he had an operable gun on his person at the time of the kidnapping. He does not dispute that he had Wherry's gun in his possession throughout the incident. This court previously addressed this issue in *State v. Nicholson*, Cuyahoga App. No. 85977, 2006-Ohio-1569, and found the following:

> "According to the Ohio Supreme Court, a firearm specification can be proven beyond a reasonable doubt by circumstantial evidence. That evidence may consist of the testimony of lay witnesses who were in a position to observe the instrument and the circumstances of the crime.

{¶ 19} "Furthermore, in *Thompkins* the Ohio Supreme Court rejected the view that the circumstantial proof of operability must consist of certain recognized indicia, such as bullets, the smell of gunpowder, bullet holes, or verbal threats by the user of the weapon that he or she would shoot the victim." (Citations omitted.)

{¶ 20} In regard to operability in the instant case, Wherry testified that Wilcox gestured to the gun multiple times and twice threatened to shoot her while inside the vehicle and again inside her home. Moreover, Wherry testified that the gun was operable because she had fired it the day she purchased it.

{¶ 21} After viewing the evidence in a light most favorable to the prosecution, we find sufficient evidence to establish beyond a reasonable doubt that Wilcox possessed an

operable firearm at the time of the kidnapping, thus supporting his firearm specification and weapon-under-disability conviction.

**{¶ 22}** Accordingly, the second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY