[Cite as *State v. Wilcox*, 2013-Ohio-2895.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No. 96079

_____

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISSAC WILCOX

DEFENDANT-APPELLANT

---

### JUDGMENT:
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-540046
Application for Reopening
Motion No. 464832

**RELEASE DATE:**   July 1, 2013

**FOR APPELLANT**

Issac Wilcox, pro se
Inmate No. 593-138
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Kristen L. Sobieski
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** On May 9, 2013, the applicant, Issac Wilcox, applied pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), to reopen this court's judgment in *State v. Wilcox*, 8th Dist. No. 96079, 2011-Ohio-5388, in which this court affirmed Wilcox's convictions for kidnapping with a three-year firearm specification, domestic violence, having a weapon under disability, and four counts of aggravating menacing. Wilcox argues that his appellate counsel was ineffective for failing to raise various issues, including hearsay evidence and prosecutorial misconduct. On June 10, 2013, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

**{¶2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The May 2013 application was filed approximately 19 months after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Wilcox argues that after the appeal, his family retained an attorney to file, inter alia, the App.R. 26(B) application, but the attorney never filed the application in the ensuing year. The client-counsel relationship terminated no later than January 2013. Thus, Wilcox argues that his misplaced reliance on the attorney provides good cause for the untimely filing.

**{¶3}** However, reliance on counsel does not state good cause. In *State v. White*, 8th Dist. No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed*

(Oct. 19, 1994), motion No. 249174; and *State v. Allen*, 8th Dist. No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), motion No. 267054, this court rejected reliance on counsel as showing good cause. In *State v. Rios*, 75 Ohio App.3d 288, 599 N.E.2d 374 (8th Dist.1991), *reopening disallowed* (Sept. 18, 1995), motion No. 266129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse.

{¶4} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the courts of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Wilcox's misplaced reliance on his new counsel does not state good cause.

{¶5} Accordingly, this court denies the application to reopen.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
MARY J. BOYLE, J., CONCUR