[Cite as *State v. Jones*, 2013-Ohio-4695.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98209

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DEMETRIUS JONES

### DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-524453
Application for Reopening
Motion No. 465916

**RELEASED DATE:**     October 23, 2013

**ATTORNEYS FOR APPELLANT**

Rufus Sims
75 Public Square
Suite 1111
Cleveland, Ohio 44113

Robert Tobik
Cuyahoga County Public Defender

By:   Erica B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Katherine Mullin
Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Demetrius Jones has filed an application for reopening pursuant to App.R. 26(B). Jones is attempting to reopen the appellate judgment rendered in *State v. Jones*, 8th Dist. Cuyahoga No. 98209, 2013-Ohio-572, which affirmed his conviction for murder. His application is untimely, without establishing good cause for the delay, and therefore must be denied.

**{¶2}** App.R. 26(B)(2)(b) requires that Jones establish a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 1996 Ohio 52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.   *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} The appellate judgment that Jones seeks to reopen was journalized on February 21, 2013. The application for reopening was not filed until June 18, 2013, and beyond the 90-day deadline for reopening.

{¶4} Jones contends that there is good cause for his untimely filing based on the fact that his appellate counsel continued to represent him in proceedings before the Ohio Supreme Court.   Jones maintains that his appellate counsel cannot be expected to raise his own ineffectiveness. This argument has been repeatedly raised and rejected, and it does not constitute good cause for an untimely application.   *Gumm* at ¶ 3; *State v. Wilcox*, 8th Dist. Cuyahoga No. 96079, 2013-Ohio-2895.   Likewise, "the excuse that [the applicant] and his attorneys were occupied with other appeals or that they simply neglected to pay attention to the rule is not 'good cause' for missing the filing deadline." *Id*. Consequently, neither counsel's mistake in calculating the deadline nor counsel's heavy caseload can establish the requisite good cause that would enable us to consider the untimely application for reopening.

{¶5} Jones has failed to establish "a showing of good cause" for the untimely filing of his application for reopening.   *State v. Klein*, 8th Dist. Cuyahoga No. 58389,

1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

{¶6} Accordingly, the application for reopening is denied.

---

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR