[Cite as *State v. Graves*, 2016-Ohio-7303.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103984**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HUGH GRAVES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594826-A

**BEFORE:**   Jones, A.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   October 13, 2016

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Melissa Riley
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant, Hugh Graves, appeals his convictions for improperly handling firearms in a motor vehicle and having weapons while under disability, and the trial court's imposition of court costs. We affirm.

{¶2} In 2015, Graves was charged with one count each of improperly handling firearms in a motor vehicle and having weapons while under disability. The matter proceeded to a bench trial at which the following pertinent evidence was presented.

{¶3} Ohio State Highway Patrol Trooper Timothy Kay was patrolling Interstate 90 in Bratenahl near the Eddy Road overpass when he responded to a one-car crash. He observed that a Nissan Altima had crashed into a tree on an embankment off the interstate. Graves, the driver of the Nissan, was still in the car, unconscious and injured. Graves's passenger, Latasha Santiago, was outside of the vehicle. Kay detected an odor of alcohol in the car and Santiago admitted to the police that Graves had been drinking.

{¶4} Kay recovered a loaded semiautomatic pistol on the floorboard by Graves's feet. Kay later test-fired the gun and found that it was operable. The officer also ran a background check and found that Graves had prior felony convictions.

{¶5} Santiago testified for the defense that she saw someone else, a man her boyfriend knew, place the gun in the car. Santiago insisted that Graves did not know about the gun that had been laying at his feet. Graves testified that he had rented the Nissan. He had been drinking the night of the crash and could not remember the

accident.    He denied having a gun and had no idea how the gun got in the car.

{¶6} The trial court found Graves guilty of both counts, sentenced him to two years of community control sanctions, and imposed court costs.    This appeal followed.

{¶7} Graves raises the following assignments of error for our review:

I.    Counsel was ineffective by failing to move the court to waive court costs and in failing to file an affidavit of indigency.

II.    The verdict was not supported by evidence that was sufficient.

III.    The prosecutorial harping about a prior indictment violated the rules

of evidence and appellant's due process rights.

{¶8} In the first assignment of error, Graves claims that he received ineffective assistance of counsel because his attorney did not file an affidavit of indigency and move the trial court to waive court costs.

{¶9} In order to successfully maintain an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance was deficient and that he or she was prejudiced by counsel's deficient performance; that is, that there is a reasonable probability that but for counsel's unprofessional errors the result of the trial or proceeding would have been different.    *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶10} R.C. 2947.23(A)(1) governs the imposition of court costs and provides in pertinent part:    "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."    "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent

defendant; rather it requires a court to assess costs against all convicted defendants." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. In *White*, the court held that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." *Id.* at paragraph one of the syllabus. Therefore, a "defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶11} A review of the record shows that counsel was not ineffective for failing to file an affidavit of indigency or motion to waive court costs. Counsel informed the court that Graves was indigent for the purposes of appointing appellate counsel but the trial court was initially hesitant to appoint counsel because Graves had retained trial counsel. A later docket entry, however, reveals that the trial court found Graves to be indigent for purposes of appointing appellate counsel and appointed him counsel.

{¶12} The court nonetheless required Graves to pay court costs. His indigency status, therefore, was not a factor the trial court found relevant to imposing the court costs. *See State v. Bonton*, 8th Dist. Cuyahoga No. 102918, 2016-Ohio-700, ¶ 19; *see also State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146 (trial court's imposition of court costs in spite of the fact that defendant was indigent was not an abuse of discretion); *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2012-Ohio-2762 (the fact that the court found defendant indigent for purposes of appointing appellate counsel, yet still imposed court costs, shows the court would not have waived court costs even if motion was filed.).

{¶13} Thus, it is clear that the trial court viewed the payment of court costs as part of Graves's punishment, and, therefore, counsel's failure to file an affidavit of indigency for purposes of waiving court costs did not result in prejudice. As this court held in *Vanderhorst*, "[a] claim of ineffective assistance of counsel in conjunction with the imposition of costs will be rejected on appeal where the defendant makes 'no demonstration that a "reasonable probability" exists that the lower court would have waived payment of the costs' if such motion had been filed." *Id.* at ¶ 78, citing *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919.

{¶14} In light of the above, we do not find that Graves received ineffective assistance of counsel. Graves's first assigned error is overruled.

{¶15} In the second assignment of error, Graves claims that his convictions were not supported by sufficient evidence.

{¶16} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. *Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571, ¶ 12. Crim.R. 29(A) and a sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241, ¶ 18, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386. A challenge to the sufficiency of the evidence supporting a conviction requires the court to determine whether the prosecution has met its burden of production at trial. *State v. Givan,* 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541

(1997). The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶17} Graves was convicted of having weapons while under disability, under R.C. 2923.13(A), and improperly handling a firearm in a motor vehicle, pursuant to R.C. 2923.16. R.C. 2923.13(A)(2) provides, in part, that no person "shall knowingly acquire, have, carry, or use any firearm * * * if * * * [t]he person is under indictment for or has been convicted of any felony offense of violence." R.C. 2923.13(A)(3) provides, in part, that no person "shall knowingly acquire, have, carry, or use any firearm * * * if * * * [t]he person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2923.16(B) provides that "no person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

{¶18} In this case, the state provided sufficient evidence to support Graves's convictions. Trooper Kay testified that he found Graves unconscious in the Nissan and located the firearm on the driver's side floor at Graves's feet. The gun was large, measuring 12 to 13 inches long, and was loaded. Kay later test-fired the gun and found it to be operable.

{¶19} Graves stipulated both that he was under indictment for a felony offense of

violence and that he had been convicted of a felony drug offense. He argues, however, that he could not have possessed the gun because he did not know it was in the rental car and was unconscious at the time the police found him. Again, Trooper Kay testified that the loaded, operable gun was found at Graves's feet. This is sufficient to indicate possession. Thus, looking at the facts in a light most favorable to the state, we find that the state showed sufficient evidence to sustain the convictions.

{¶20} The second assignment of error is overruled.

{¶21} In the third assignment of error, Graves claims that the prosecutor committed misconduct when she introduced inadmissible evidence that he had been indicted for "pistol-whipping" a former girlfriend when that indictment did not result in a conviction. Graves concedes that his attorney did not object to this line of questioning during trial and, therefore, that he has waived all but plain error.

{¶22} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Supreme Court of Ohio has cautioned, however, that notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶23} Only convictions are admissible — not arrests, indictments, or charges. *State v. Pollard*, 8th Dist. Cuyahoga No. 84555, 2005-Ohio-1505, ¶ 37, citing *State v. McKnight*, 8th Dist. Cuyahoga No. 62808, 1993 Ohio App. LEXIS 2812 (June 3, 1993). "Inquiry with respect to arrests, accusations, or indictments which did not result in a

conviction is improper and constitutes prejudicial error." *Pollard* at *id.*, citing *State v. Tharp*, 49 Ohio App.2d 291, 361 N.E.2d 469 (1976). That being said, the conduct of a prosecuting attorney at trial is not grounds for reversal unless the conduct deprives the defendant of a fair trial. *Pollard* at ¶ 38, citing *State v. Apanovitch*, 33 Ohio St.3d 19, 514 N.E.2d 394 (1987).

{¶24} The state first mentioned Graves's prior indictment during its cross-examination of Santiago, who had testified during her direct examination that she had never known Graves, a close friend, to carry a gun. On cross-examination, she admitted that she had lied and knew that Graves had "been accused" of pistol-whipping a woman with a gun.

{¶25} We do not find that the prosecutor in this case committed misconduct that deprived Graves of a fair trial. This was a bench trial. In Ohio, the trial court is entitled to the presumption of regularity, that is, that the trial court is presumed to know and follow the law in arriving at its judgment unless it affirmatively appears to the contrary. *State v. Eley*, 77 Ohio St.3d 174, 180, 672 N.E.2d 640 (1996). In an appeal from a bench trial, we presume that a trial court relied only on relevant, material, and competent evidence in arriving at its judgment. *Id.*

{¶26} Thus, even if the prosecutor erred in asking Santiago about Graves's prior arrest, we presume that the trial court did not rely on this inadmissible evidence in arriving at its verdict. Moreover, because there is no evidence that the trial court relied on Graves's prior arrest in finding him guilty in this case, we do not find that the

prosecutor's line of questioning prejudiced him so as to deprive him of a fair trial.

**{¶27}** The third assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT
ONLY