[Cite as *State v. Davenport*, 2019-Ohio-4156.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 106143 |
| v. | : | |
| CHARLES H. DAVENPORT, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** October 9, 2019

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-600942-A
Application for Reopening
Motion No. 528515

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Charles H. Davenport, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} On May 17, 2019, the applicant, Charles H. Davenport, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Davenport*, 8th Dist. Cuyahoga

No. 106143, 2018-Ohio-2933, in which this court affirmed his convictions for aggravated murder and aggravated arson. Davenport claims that his appellate counsel was ineffective for not arguing that the trial court abused its discretion in imposing court costs when Davenport was obviously indigent. On June 19, 2019, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶ 2} On November 4, 2015, Sparks threatened Davenport with a gun, telling Davenport he would shoot him, if he kept coming towards Sparks's home. Davenport replied that he would burn Sparks in his sleep if he pulled a gun on him again. In the early morning of November 5, 2015, Davenport set fire to Sparks's house, and Sparks died of smoke inhalation. Davenport confessed to the police at the scene of the crime.

{¶ 3} The grand jury indicted Davenport for two counts of aggravated murder, one count of murder, two counts of aggravated arson, and one count of felonious assault. Defense counsel moved to appoint an independent psychological expert to assist him in representing Davenport who had a history of psychiatric and/or psychological treatment. Over the state's objection, the trial court granted the motion. After reviewing Davenport's mental health and medical history, alcohol and drug history, legal history, and psychological state, the state and defense counsel stipulated to the expert's opinion that Davenport was competent to stand trial. However, defense counsel cautioned that the expert opined only on competency; he did not address the issue of sanity.

{¶ 4}  After a bench trial, the judge found Davenport guilty of all counts.  At sentencing, Davenport's counsel noted his indigency and asked the trial court to waive costs.  The trial judge merged all of the murder counts and one count of aggravated arson and sentenced Davenport to 25 years to life.  The judge then merged the other two aggravated arson counts with the felonious assault count and imposed a five-year consecutive sentence.  The judge ordered Davenport to pay court costs and noted the possibility of community work service to pay the judgment.

{¶ 5}  Davenport's appellate counsel argued only that trial counsel was ineffective for not pursuing an insanity defense.  On July 26, 2018, this court overruled the assignment of error because Davenport knew the wrongness of his actions.

{¶ 6}  App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time.  The May 2019 application was filed approximately ten months after this court's decision.  Thus, it is untimely on its face.

{¶ 7}  For good cause Davenport proffers in his supporting affidavit that after sentencing his trial counsel deceived him by telling him that the judge had waived costs and that Davenport would be able to use the prison commissary.  Consistent with that representation, Davenport was able to use the commissary for his first two years in prison.  However, on April 16, 2019, the prison notified him of the court cost judgment in the amount of $1,231.57 and that the cashier would place

a hold on his account for the amount of the stated obligation. At that time, Davenport obtained the court transcript and learned that the trial court had imposed court costs. Davenport commenced this application within a month of learning the facts. Thus, he concludes that but for his lawyer's deception and the two-year delay in collecting the costs, he would have timely pursued an application to reopen.

{¶ 8} The court is not persuaded that these excuses state good cause. Generally, reliance on one's counsel does not state good cause for untimely filing. In *State v. Mitchell,* 8th Dist. Cuyahoga No. 88977, 2009-Ohio-1874, and *State v. Alt,* 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054, this court held that the failure to counsel to inform the appellant of this court's decision was not good cause. Similarly, ignorance of the court's decision does not state good cause. *State v. West,* 8th Dist. Cuyahoga No. 92508, 2010-Ohio-5576. This court has ruled that an attorney's conduct in accepting a retainer to file an App.R. 26(B) application but then never doing so did not state good cause. *State v. Wilcox*, 8th Dist. Cuyahoga No. 96079, 2013-Ohio-2895, and *State v. Logan,* 8th Dist. Cuyahoga No. 63943, 2000 Ohio App. LEXIS 5327 (Nov. 14, 2000).

{¶ 9} Delays in obtaining the transcripts also do not state good cause. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Opinion at 3.) *State v. Bussey*, 8th Dist. Cuyahoga No. 75301, 2000 WL 1146811 (Aug. 8, 2000); and *State v. Chandler*, 8th Dist. Cuyahoga No. 59764, 2001 WL

931661 (Aug. 13, 2001) — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause.

{¶ 10} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B).

{¶ 11} Moreover, Davenport's claim of ineffective assistance of counsel is not well taken. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 12} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 13} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 14} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 15} A trial court must render a judgment for court costs against a guilty defendant, even if the defendant is indigent. R.C. 2947.23(A). The Supreme Court of Ohio has held that a defendant's financial status is irrelevant to the imposition of court costs. A trial court may waive court costs, and such a decision is reviewed on an abuse of discretion standard. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, and *State v. Clevenger,* 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589. Following these cases, this court has repeatedly held that a trial court did not abuse its discretion in imposing court costs, even if the defendant is indigent. *State v. Copeland,* 8th Dist. Cuyahoga No. 107187, 2019-Ohio-987; *State v. Jones*, 8th Dist. Cuyahoga No. 105719, 2018-Ohio-847; *State v. Dawson*, 8th Dist. Cuyahoga No. 104509, 2017-Ohio-965; and *State v. Graves,* 8th Dist. Cuyahoga No. 103984, 2016-Ohio-7303. Therefore, it is understandable that in the exercise of professional judgment, appellate counsel would eschew such an argument.

{¶ 16} Furthermore, in 2013, the Ohio legislature amended R.C. 2947.23 by adding subsection (C): "the court retains jurisdiction to waive suspend, or modify the payment of costs of prosecution * * * at the time of sentencing, or at any time thereafter." Thus, appellate counsel in 2018 would be hard-pressed to argue prejudicial reversible error because Davenport may move the trial court at any time to waive costs. *State v. Beasley,* 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028. In *Copeland* at ¶ 10, this court ruled: "Because appellant could pursue a waiver of the payment of court costs after sentencing, he was not prejudiced by counsel's performance."

{¶ 17} Accordingly, this court denies the application to reopen.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR