[Cite as *State v. Orr*, 2020-Ohio-4913.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 100841 |
| v. | : | |
| DARLLEL B. ORR, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** October 9, 2020

Cuyahoga County Court of Common Pleas
Case No. CR-12-560637-A
Application for Reopening
Motion No. 541320

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Brent Kirvel, Assistant Prosecuting Attorney, *for appellee.*

Darllel B. Orr, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} On September 23, 2020, the applicant, Darllel Orr, pursuant to App.R. 26(B) applied to reopen this court's judgment in *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-4680, in which this court affirmed Orr's

convictions for aggravated murder, kidnapping, aggravated robbery, aggravated burglary, and having a weapon while under disability. Orr also seeks relief under Civ.R. 60(B)(5). For the following reasons, this court denies the application and relief under Civ.R. 60(B).

{¶ 2} In the early morning of October 10, 2011, two armed men entered a house occupied by five people. One of those, a 15-year-old girl, testified that two men pointed handguns in her face and asked if there was any money in the house. Subsequently, the intruders shot and killed a man who was living in the house. A mask found in the house after the incident contained Orr's DNA.

{¶ 3} Before trial, Orr made a pro se motion to exclude warrantless consent waiver. After a trial to the bench, the judge found him guilty of the above offenses and sentenced him to life without parole. Orr's appellate counsel argued lack of jurisdiction because of an improper jury waiver, failure of compulsory process, sufficiency of the evidence, and manifest weight. This court also considered Orr's two supplemental pro se briefs in which he argued, inter alia, lack of jurisdiction because there was no valid complaint, violation of his right to confrontation, denial of a speedy trial, improperly inducing him to waive his right to a jury trial, and prosecutorial misconduct.

{¶ 4} Orr then timely filed an App.R. 26(B) application to reopen and argued that his appellate counsel was ineffective for not arguing the improprieties of a cheek swab taken for DNA identification. This court denied the application on the basis of res judicata. Because Orr filed his own pro se brief, he could also have

included his DNA consent argument. *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-5274.

{¶ 5} Now Orr resurrects his DNA consent argument. He argues that because he now has the transcript of pretrial proceedings, he can establish the validity of the argument. The transcript indicates that early in the pretrial process before the DNA swab, Orr "lawyered up." Thus, he argues that as a corollary the subsequent DNA swab must have been extracted through coercion and should have been suppressed.

{¶ 6} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Orr filed the present application approximately six years after this court's decision. Thus, it is untimely on its face.

{¶ 7} Delays in obtaining the transcripts do not state good cause. *State v. Davenport*, 8th Dist. Cuyahoga No. 106143, 2019-Ohio-4156. Moreover, a review of the transcript indicates that Orr, pro se, was questioning the police officers about "lawyering up" and the DNA swab. Thus, he knew about this argument, even without the actual transcript pages. Orr does not establish good cause. The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. Thus, the court denies the application as untimely. Moreover, the Supreme Court of Ohio

in *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, held that successive applications are not allowed.

{¶ 8} Res judicata also properly bars this application. In *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. Because Orr filed his own appellate brief and raised his own assignments of error, because he had pro se raised the issue in the trial court, and because he raised the issue in a previous App.R. 26(B) application, it is not unjust to apply the doctrine and bar this application.

{¶ 9} To the extent that Orr seeks relief under Civ.R. 60(B)(5), any other reason justifying relief from judgment, his motion is not well-founded. Civil procedure remedies generally do not apply at the appellate level, and this court after reviewing the material is not persuaded to grant relief.

{¶ 10} Application denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR